**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**IDAHO ELECTRIC COMPANY, Inc., Respondent.**

No. 21572.

United States Court of Appeals Ninth Circuit.

Oct. 10, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman Levy (argued) Atty., NLRB, Washington, D. C., for petitioner.

Eli Weston, (argued), Weston & Weston, Boise, Idaho, for respondent.

Before BROWNING and ELY, Circuit Judges, and BELLONI, District Judge.

BELLONI, District Judge:

The National Labor Relations Board (Board) petitions for enforcement of its order issued March 16, 1966, against respondent Idaho Electric Company, Inc. (Company), reported at 157 N.L.R.B. No. 70. This court has jurisdiction under § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), the alleged unfair labor practices having occurred in Jerome, Idaho, within this judicial circuit.

■ The Board found that the Company violated § 8(a) (5) [1] of the Act, 29 U.S.C. § 158(a) (5), by refusing to bargain with the union, selected by a majority of the employees as their exclusive bargaining representative. The Board also found that the Company violated § 8(a) (1) of the Act by interrogating its employees about their union activities, sympathies, and the identity of the employee who lead the union movement in the plant; by unilaterally granting wage increases to two employees; by unilaterally changing employees' working rules; and by threatening to withdraw, and withdrawing, certain employee benefits because of employees' union activities. We agree and affirm the Board's decision as reported, supra.

Since it was not material to its decision, the Board did not consider Company's contention that, because an election held by the Commissioner of Labor of the State of Idaho was not in accordance with law and was void, it therefore had no duty to bargain with the union. This contention requires further comment.

■ On January 21, 1965, nine electricians out of the thirteen employed by the Company signed cards which designated the union as their collective-bargaining representative. The Company knew this, but refused to negotiate with the union. At the union's request an election was then held under the supervision of the Labor Commissioner of the State of Idaho. The union won by a vote of eight to five. The Company still declined to negotiate, and wrote to the Idaho Labor Commissioner protesting the legality of the election. Up to that point, the Company had never questioned nor shown any doubt that the union represented a majority of the employees. We hold that the Company's refusal to meet and bargain, after it knew the union represented a majority, against a background of other unfair labor practices reported in the N.L.R.B. opinion, constitutes a violation of § 8(a) (5) of the Act. N.L.R.B. v. Security Plating Co., 356 F.2d 725 (9th Cir. 1966); N.L.R.B. v. Trimfit of Cal-

---

1. "Sec. 8(a) It shall be an unfair labor practice for an employer—
   (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 * * *

*  *  *  *  *
"(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) * * *"

ifornia, 211 F.2d 206 (9th Cir. 1954). Since the majority status of the union was already known, the election results were immaterial; it was not necessary to determine its legality.

The petition will be enforced.